[Civ. No. 1120.   Second Appellate District.—May 29, 1912.]

## C. D. HUDSON, Respondent, v. SEELEY SPECIALTIES COMPANY, a Corporation, Appellant.

CORPORATIONS—CONTROL BY DEFENDANT OF STOCK OF ANOTHER COR-
PORATION—RESCISSION OF CONTRACT—ISSUE OF STOCK IN LIEU—
AGREEMENT TO REPURCHASE.—Where defendant corporation had
acquired the control of the stock of another corporation, and de-
siring to cancel a contract of plaintiff therewith, agreed with him
to pay $1,700 therefor on a specified date, but in lieu thereof it
was agreed that such other corporation should issue to him seven-
teen hundred shares of stock in such other corporation, which de-
fendant agreed to purchase from him within ten days after such
date and to pay him $1,700 therefor, and plaintiff at the maturity
of the contract tendered such shares to defendant, which it refused
to take and pay for, it was its duty to receive it and pay the
amount agreed upon, which will be enforced by action.

ID.—ASSESSMENT ON SHARES OF STOCK—DELINQUENCY AFTER SUIT FOR
PURCHASE MONEY OF SHARES—PAYMENT TO PROTECT SHARES—
SPECIAL DAMAGES—SUPPLEMENTAL COMPLAINT.—Where at the time
of the tender of the stock in such other corporation to the defend-
ant there was an assessment upon the stock, which became delin-
quent after the commencement of the action to enforce payment
for the shares, the plaintiff properly paid such delinquent assessment
to protect the shares from forced sale, and may recover the amount
paid therefor by way of supplemental complaint, which amount
constitutes special damages accruing to plaintiff by reason of the
refusal of defendant to fulfill its obligation to repurchase the
stock.   The plaintiff, being the owner of the stock for its benefit,
rightfully assumed the duty of protecting it from forced sale.

ID.—LIABILITY OF DEFENDANT ON CONTRACT WITH PLAINTIFF—AUTHOR-
ITY FOR CONTRACT—CONSIDERATION—ESTOPPEL.—Where the contract
of plaintiff with defendant corporation was signed by its presi-
dent and secretary and sealed with the corporate seal, and it ap-
pearing that they were the controlling majority of its directors, and
that the president had authority as managing agent to execute the
contract, and that it was made for its benefit, and in consideration
of the surrender of contract rights with the plaintiff of considerable
value, it is not only supported by a sufficient consideration, but the
corporation, by receiving whatever benefits which may have flowed
therefrom, and remaining silent until the maturing day of the con-
tract had arrived, is estopped from disclaiming its liability.

APPEAL from a judgment of the Superior Court of Los Angeles County.   W. M. Conley, Judge Presiding.

The facts are stated in the opinion of the court.

Gilbert F. Wyvell, for Appellant.

Tom C. Thornton, and Tobias R. Archer, for Respondent.

JAMES, J.—Defendant appeals from a judgment for the sum of $1,955.77 and interest entered against it.   The facts upon which plaintiff based his cause of action, and as determined by the findings of the court, were these: On or about May 9, 1910, plaintiff held a certain contract theretofore made with a corporation called the High Frequency Ignition Coil Company, and at the time mentioned he was approached by defendant and informed that defendant had acquired a majority of the stock and the control of said High Frequency Ignition Coil Company, and that it desired to secure a cancellation of the contract held by plaintiff; defendant offered to pay plaintiff for the cancellation and surrender of the contract $1,700, this amount to be paid on the 21st of November following, which offer was accepted.   The transaction, however, for the payment of this money took the following form: Defendant agreed to have issued to plaintiff seventeen hundred shares of the capital stock of the High Frequency Ignition Coil Company, which plaintiff was to hold until the money provided to be paid for the surrender of his contract became due, when, upon the redelivery of the certificates for the seventeen hundred shares of stock to defendant, he was to receive the $1,700.   The following writing was made and executed by defendant as evidencing the latter agreement:

"Los Angeles, Cal., May 21st, 1910.

"Six months after date hereof, we the Seeley Specialties Co., a corporation, doing business under the laws of the State of California, hereby agree to purchase of C. D. Hudson of Los Angeles, seventeen hundred shares of the capital stock of the High Frequency Ignition Coil Co., represented by Certificate No. 100, dated the ninth day of May, 1910, for the sum of Seventeen hundred dollars ($1700) providing this agreement is presented within ten days after maturity; other-

wise the said Seeley Specialties Co. is released from any and all obligations to purchase said stock.

"(Seal)    SEELEY SPECIALTIES COMPANY,

"By HENRY FLEETWOOD, Pres.

"By GEO. HOWARD, Sec."

Immediately upon the maturity of this contract plaintiff tendered to the Seeley Specialties Company the certificates of shares of stock in the other corporation mentioned and demanded payment of the $1,700, which was refused him.  At the date of this tender an assessment had been levied against the stock of the High Frequency Ignition Coil Company, the amount which was due as a charge against the seventeen hundred shares of stock held by plaintiff being the sum of $255.77.  After the commencement of this action, and in order to prevent a sale of the stock on account of that assessment which had become delinquent, plaintiff paid the sum required to satisfy that demand and filed a supplemental complaint setting up an additional cause of action for the amount of the assessment.  The court found in favor of plaintiff on all of the issues tendered by the complaint and supplemental complaint, and its findings were made upon sufficient evidence.  The complaint set forth all of the facts constituting the cause of action in narrative form, and the court did not err in overruling the demurrer of defendant interposed thereto.

It was contended that the action must be treated as one for damages and that the complaint nowhere set out facts from which it could be determined plaintiff had suffered any damage.  The facts as alleged in the complaint are so closely parallel to those involved in the case of *Gay* v. *Dare,* 103 Cal. 454, [37 Pac. 466], as to make the decision in that action applicable to this upon all of the chief points of objection raised by defendant.  The court there says that in cases of this kind the contract will be construed as not amounting in law to a contract to repurchase, but as one whereby an option to rescind is reserved to the vendee, and that upon the exercise of such option title to the property at once vests in the original vendor.  The obligation of the defendant in this case was to pay plaintiff the sum of $1,700 on or within ten days after the twenty-first day of November, 1910, which it refused to do.  In order to protect the stock from forced sale

to satisfy the assessment levied thereon, payment of which was then due, plaintiff was compelled to pay an additional sum of $255.77. This amount constituted an account for special damages accruing to him by reason of the refusal of defendant to fulfill its obligation, and which in our opinion and under the decision in *Gay* v. *Dare* he was entitled to recover. We do not think that the fact that this assessment became a lien before the day of the maturity of the written contract affected either the sufficiency of the tender made by plaintiff or his right to recover the additional amount paid to satisfy the assessment, as damages. When he offered back to the defendant the stock which it had agreed he might surrender to them, it was their duty to receive it and pay him the amount agreed upon. When it did not do this, plaintiff continued to own the stock for its benefit, and he rightfully assumed the duty of protecting it from forced sale while it remained in his hands or subject to any control on his part.

The further point is made that the contract was not shown to be the contract of defendant corporation, because it was not made to appear that the board of directors had expressly authorized its execution, and further, that no consideration had been received by defendant for the making of it. The contract as executed was made in the name of the defendant company; it had the corporate seal attached, together with the names of the president and secretary. It appeared by the evidence that there were only three directors, the president and secretary being two of the number and the third director being one who took no active part in the management of the corporation. It was testified to by the secretary, who signed the contract, that the president managed the affairs of the corporation. At any rate, and further than this, it did appear clearly that the contract as made was within the corporate powers of defendant corporation; that it was deemed to be of benefit to the corporation, and that the corporation received it and whatever benefits may have accrued on that account without disclaiming the authority of its officers to make a binding contract in that behalf. Plaintiff, when he surrendered his contract with the High Frequency Ignition Coil Company to defendant, surrendered rights which admittedly were of considerable value, and the corporation re-

ceiving the benefit of such surrender certainly could not afterward be heard to say that no benefit was received by it, and thus escape any liability on account of its obligation to compensate plaintiff for his property. It is very clear to us that there was ample consideration to support the making of the contract here sued upon, and also that the president in his capacity as manager of the corporation had authority to make the contract in its name; further, that, even conceding that the officers of the corporation did not possess authority to enter into the contract, by receiving whatever benefits may have flowed therefrom and remaining silent until the maturing day of the contract had arrived, the corporation is estopped from disclaiming its liability. (*Brown* v. *Crown Gold M. Co.*, 150 Cal. 376, [89 Pac. 86].)

The judgment is affirmed.

Allen, P. J., and Shaw, J., concurred.